IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES LEATH | : |
| Plaintiff, | : |
| v. | : NO.: 17-cv- |
| UNITED STATES OF AMERICA | : |
| And | |
| OTHER UNKNOWN ACTORS ON BEHALF OF: USP - LEWISBURG | |
| Defendant. | : |

## **COMPLAINT**

Plaintiff, James Leath, is a Federal Inmate, currently imprisoned in the United States Penitentiary located in Big Sandy, Kentucky, and previously imprisoned in the United States Penitentiary located in Lewisburg, Pennsylvania. He brings this action seeking damages for his personal injuries and further seeking injunctive relief to prevent the continued violations of the Eighth (8th) Amendment prohibition of cruel and unusual punishment, which has been and currently is being imposed upon inmates at the United States Penitentiary, Lewisburg, Pennsylvania, for the reasons which follow, to wit:

## **PARTIES**

1.      Plaintiff is James Leath, currently imprisoned at the United States Penitentiary, Big Sandy, 1197 Airport Road, Inez, Kentucky 41224, is an adult individual and citizen of the United States of America. His register number is 47208-066. Leath is serving a life sentence as the result of a conviction for conspiracy to distribute more than fifty (50) grams of cocaine base.

1

2. James Leath, being a federal inmate, is not privy to all of the identities of individuals who may have had an involvement in this matter, and thus identifies them to the extent he is able.

3. Defendant, United States of America, the nature and extent of its national and sovereign existence being ever present and overwhelmingly obvious.

4. Defendant, United States of America, has at all times material hereto, acted though its Bureau of Prisons and its federal government agencies, including but not limited to the Bureau of Prisons, through its agents, servants and employees who were acting in the course and scope of their employment and in furtherance of the interests of the defendant and its governmental agencies.

5. Defendant, United States of America has an office with an office for service and may be served pursuant to F.R.C.P. 4(i)(1) by delivering a copy of the Summons and Complaint to an Assistant United States Attorney or designated clerical employee at 235 North Washington Avenue, Suite 311, P.O. Box 309, Scranton, PA  18501, and by mailing a copy by registered or certified mail to the Attorney General of the United States of America, Department of Justice, 10th Street and Constitution Avenue, N.W., Room 4400, Washington, D.C.  20530.

6. The Federal Bureau of Prisons may be served by mailing a copy of the Summons and Complaint by registered or certified mail to 320 First Street, NW, Washington, D.C. 20534.

7. The current director of the Federal Bureau of Prisons is Mark S. Inch and Charles E. Samuels, Jr., was director at the time of the events described in Plaintiff's Complaint.  The United States Penitentiary, Lewisburg, Pennsylvania, is part of the Northeast Regional Office, located at the U.S. Customs House, 2nd and Chestnut Streets, 7th Floor, Philadelphia, Pennsylvania  19106.  The current Regional Director for the Northeast Regional Office is

Michael Carvajal, as of July 10, 2016.  The current Warden of the United States Penitentiary, Lewisburg, Pennsylvania is Jeff Thomas.

8. Defendants are other unknown actors on behalf of USP Lewisburg, whether they are wardens, deputy wardens, captains, lieutenants, counselors or such other persons who had responsibility for custody and security at the institution, including decisions involving cellmate and recreation cage placements and the use of restraints, or who were otherwise present and involved in the events leading to the attack upon your Plaintiff. The Bureau of Prisons has refused and failed to release records related to this assault and thus they are in the best position to identify the actual individuals who had the relevant authority or who took the relevant acts with relation to the matters complained of in this Complaint. These persons are being sued in their individual capacities. To the extent these persons may be wardens and/or associate wardens, they are sued in their official capacities.

## JURISDICTION AND VENUE

9. Plaintiff brings this action under the Eighth Amendment to the United States Constitution, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

10. This Court has subject matter jurisdiction over the claims presented herein as it presents federal questions under the Federal Tort Claims Act.

11. Venue is appropriate in the United States District Court for the Middle District of Pennsylvania,  because this is the district in which Plaintiff's claims arose.

12. This Court has personal jurisdiction over each Defendant because it is believed that at all times relevant to this action all Defendants were employed in Lewisburg,

Pennsylvania, and/or their acts and/or omissions caused the harm complained of by Plaintiff in the Commonwealth of Pennsylvania.

13. Plaintiff, James Leath has exhausted all administrative prerequisites to the filing of this suit by filing an administrative tort claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. on February 13, 2017. (See Exhibit "A".). However, the letter was not sent until March 15, 2017. (See Exhibit "A".). The claim number was TRT-NER-2016-06518.

## FACTUAL BACKGROUND

14. The preceding paragraphs are incorporated herein as if fully set forth at length.

15. When Defendants take proposed cellmates to a cell, they do it in full view of the inmate population, who Defendants know will antagonize, chide and encourage the proposed cell mate to attack their new cell mate if they get the chance.

16. Those known and unknown Defendants who work at USP Lewisburg have actually witnessed multiple attacks by new cell mates in situations where they paired inmates where the inmates were "hostile," where the proposed cell mate had been antagonized, chided and encouraged to attack.

17. Despite this knowledge, Defendants maintain a practice of intentionally bringing hostile inmates to other inmate's cells as proposed cellmates.

18. Inmates frequently inform Corrections staff that a placement assignment is inappropriate because the prospective cellmate is hostile to the inmate and poses a substantial risk of material harm to the inmate.

19. Many times, the prospective cellmate informs Corrections staff that a placement assignment is inappropriate because the prospective cellmate intends to harm the inmate he is being placed in a cell with.

20. These warnings are either ignored by the Corrections staff or are directly acknowledged but not acted upon. It is thus a pattern, practice or policy of Corrections staff to force inmates to accept placements that pose a substantial risk of material harm to inmates, and to reserve reassignment until after inmate-on-inmate violence actually takes place.

21. Corrections staff makes a pattern, practice and policy of making sure that all inmates know that they will be subjected to what is cruel and unusual punishment if they do not accept a new cellmate assignment.

22. Upon information and belief, Defendants are involved in the cell and recreation cage assignment practices and policies, know the risks of harm posed by these practices, and fail to make any changes to these policies and practices at USP Lewisburg to abate the risk of harm. The danger created by assigning hostile inmates to the same cell or recreation cage is compounded by the fact that the USP Lewisburg Defendants have a pattern, practice or policy that Corrections Officers are not to enter cells or recreation cages to stop inmate on inmate attacks until the attack has concluded and the victim of the attack may have already sustained serious injury.

23. The risk that the victim inmate will suffer serious harm from the attack is readily apparent to the Corrections Officers in each and every one of these cases. In fact, two inmates have died at the hands of hostile cellmates and numerous others have been seriously and permanently injured.

24. Defendants have, nonetheless, adopted a pattern, practice or policy of failing to intervene to prevent harm in these circumstances.

25. On or about May 30, 2016, James Leath, was an inmate at USP Lewisburg located at 2400 Robert F. Miller Drive, Lewisburg, PA  17837.

26. An unknown inmate told prison officials he was going to assault James Leath. James Leath further advised Defendants and other unknown actors on behalf of USP Lewisburg, that he would assault James Leath if he was in a cell with him.

27. James Leath continued to object to the placement in a cell with this unknown inmate and advised all Defendants who were present that a danger existed.

28. This unknown inmate having been brought to the cell assaulted James Leath.

29. It is abundantly obvious that the Defendants knew that this unknown inmate or merely persons similarly situated represented a danger to James Leath and waited to see if he would assault the other.

30. James Leath was punched, kicked and stomped, by this unknown inmate for an extended period of time, and his eye was pushed in so hard by this unknown inmate he lost vision, resulting in blindness in the right eye and partial blindness in the left eye.

31. James Leath was even denied medical care until the next day, despite serious and pervasive injuries, including, but not limited to, blindness in the right eye and partial blindness in the left eye.

32. James Leath continues to have a loss of sight to this day.

33. Plaintiff has further experienced emotional and psychological injury from the incident.

## COUNT I – 8th Amendment Violation

34. The preceding paragraphs are incorporated herein as if fully set forth at length.

35. Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States was clearly established as of the times complained of in this Complaint.

36. Defendants, acting under color of federal law, deprived Plaintiff of his constitutional right to be free from cruel and unusual punishment.

37. Defendants and other unknown actors on behalf of USP Lewisburg violated Plaintiff's Eighth Amendment rights on or about May 30, 2016:

    a. by having previously subjected other members of the SMU to cruel and unusual punishment in the presence of Plaintiff in order to secure the acquiescence of Plaintiff and others similarly situated; and

    b. by placing an unknown inmate in the cell with Plaintiff, despite pre-existing knowledge that he was a hostile to Plaintiff; and

    c. by placing an unknown inmate in the cell with Plaintiff, despite the information which was there and then provided to them and the warnings they were there and then given; and

    d. by threatening Plaintiff with criminal charges and cruel and unusual punishment if he did not comply; and

    e. by failing to appreciate that plaintiff would be assaulted; and

    f. by failing to intervene in the assault; and

    g. by being actually complicit in the assault upon Plaintiff; and

    h. by denying medical treatment after the assault.

38. Each of the acts above individually and corporately represent a subjection of Plaintiff to cruel and unusual punishment.

39. Due to the acts and omissions of Defendants, Plaintiff suffered serious bodily injury and is therefore entitled to relief.

**WHEREFORE,** Plaintiff moves this Honorable Court to act favorably upon this Complaint and to grant the relief prayed for and all actual and compensatory damages available as a result of this violation, as more clearly set forth in the prayer for relief below.

### COUNT II – Federal Tort Claims Act

40. The preceding paragraphs are incorporated herein as if fully set forth at length.

41. Defendant, the United States of America, is responsible for the oversight of its employees, which includes officers and staff at federal correctional facilities.

42. Pursuant to the Federal Tort Claims Act, the United States is liable for damages caused by the negligent or wrongful acts of its employees acting within the scope of their employment, under circumstances where the United States, if a private person, would be liable in accordance with the laws of the Commonwealth of Pennsylvania.

43. Corrections Officers and staff have a duty to protect inmates from harm caused by other inmates.  The staff at USP Lewisburg owed this duty to Plaintiff.

44. On or about May 30, 2016, prison officials knew or should have known that Plaintiff faced an excessive risk to his health and safety when the officials placed a hostile cellmate with Plaintiff, and also when officials subsequently allowed Plaintiff's cellmate to beat Plaintiff without intervening on Plaintiff's behalf.

45. Prison officials breached their duty to protect Plaintiff from harm by failing to take any actions to protect him in the face of a known risk to his safety.

46. As a result of the prison staff's negligent acts and omissions, Plaintiff suffered serious personal injuries, pain and suffering, and emotional and psychological distress.

**WHEREFORE,** Plaintiff moves this Honorable Court to act favorably upon this Complaint and to grant the relief prayed for and all actual and compensatory damages available as a result of this violation, as more clearly set forth in the prayer for relief below.

## COUNT III – Injunction

47. The preceding paragraphs are incorporated herein as if fully set forth at length.

48. All named Defendants have violated and are either engaging in or at substantial and immediate risk of continuing to engage in the wrongful acts pled above.

49. The Director of the Bureau of Prisons and the current warden of USP Lewisburg are policy makers with the power and authority to put an end to these unconstitutional and unconscionable practices, and yet despite direct knowledge of these violations, they do nothing.

50. Plaintiff has a right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution, yet remains at substantial risk of continuing violations of his rights, as he remains incarcerated within the federal penal system.

**WHEREFORE,** Plaintiff moves this Honorable Court to act favorably upon this Complaint and to grant the relief prayed for and all actual and compensatory damages available as a result of this violation, as more clearly set forth in the prayer for relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

a. The Defendants be adjudged to have violated Plaintiff's rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment;

b. That judgment be entered for Plaintiff and against Defendants for compensatory and punitive damages, together with the costs of litigation, including reasonable attorney's fees and costs, and any other equitable or legal relief that the case may require and that the Court deem just and proper; and

c. That the Court issue an injunction preventing Defendants from continuing their unconstitutional housing, recreation and restraint patters, practices and policies.

Respectfully submitted,

<div style="margin-left:3em">

s/JONATHAN J. SOBEL, ESQUIRE
I.D. #:  76428
15000 Walnut Street, Suite 2000
Philadelphia, PA  19102
(215) 735-7535
(215) 735-7539
Mate89@aol.com

Attorney for Plaintiff

</div>

Date:   August 10, 2017