# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JAMES LEATH, | : | No. 3:17cv1418 |
| --- | --- | --- |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Arbuckle) |
| | : | |
| UNITED STATES OF AMERICA, ET AL., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Before the court for disposition is Magistrate Judge William I. Arbuckle's report and recommendation (hereinafter "R&R"). The R&R recommends granting the Defendant United States of America's motion for summary judgment. Plaintiff James Leath has filed objections to the R&R, and the parties have briefed their respective positions.

**Background**

At all relevant times, Plaintiff James Leath was a federal inmate housed in the Special Management Unit at United States Penitentiary Lewisburg. (Doc. 38-1, Def. Ex. A, Dec. of Susan Albert ¶ 6). The instant lawsuit involves the placement of another prisoner as plaintiff's cellmate.

On April 24, 2016, the Bureau of Prisons assigned Trevor Charlton as plaintiff's cellmate. (Id. ¶ 6). Plaintiff asserts that he told corrections officers that a danger existed if he and Charlton were assigned as cellmates. He further

argues that corrections officers suggested that the two cellmates attack each other.  On or about May 30, 2016, a physical altercation occurred between plaintiff and Charlton.  They both suffered physical injuries, including trauma to plaintiff's left eye, which resulted in complete blindness in that eye.  (Id. ¶ 17).

Based upon these facts the plaintiff filed the instant lawsuit which includes three counts.  Count 1 is a civil rights action under the Eighth Amendment alleging cruel and unusual punishment.  (Doc. 1, Compl. ¶¶ 34-39)  Count 2 is a claim for damages caused by the negligent or wrongful acts of the United States' employees pursuant to the Federal Tort Claims Act.  (Id. ¶¶ 40-46).  Count 3, the final count, involves a request for injunctive relief.  (Id. ¶¶ 47-50).  Plaintiff seeks, *inter alia*, compensatory and punitive damages and reasonable attorney's fees. (Doc. 1, Compl, Prayer For Relief foll. ¶ 50).

On August 27, 2019, Defendant United States of America filed a motion for summary judgment.  The parties briefed their respective positions, and Magistrate Judge Arbuckle issued an R&R on October 31, 2019.  (Doc. 48).  The R&R suggests granting the motion for summary judgment and closing the case. (Id.)  Plaintiff filed a timely objection to the R&R and the United States has responded to the objection.  The matter is thus ripe for disposition.

**Jurisdiction**

As plaintiff brings this suit to vindicate his federal constitutional rights and under the Federal Tort Claims Act, this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

For portions of the R&R against which no objections are lodged, we must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1);

Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). If no plain error or manifest injustice appears, then we can adopt the R&R.

**Discussion**

As noted above, the complaint sets forth three counts - federal civil rights, a torts claim and injunctive relief. The R&R recommends judgment be granted to the defendant on each count. We will discuss these issues separately.

**I. Civil Rights Claim**

The first count of plaintiff's complaint asserts a civil rights claim under the Eight Amendment pursuant to the case of Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (providing for a cause of action against federal agents for civil rights violations). A Bivens action must be directed at individual defendants. It cannot be aimed at the federal government on a vicariously liability theory. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

The R&R suggests granting summary judgment on this count because plaintiff has not identified an appropriate defendant for liability under Bivens. The plaintiff does not object to this recommendation. (Doc. 49, Pl.'s Objections at 4). Thus, we must determine whether the magistrate judge committed plain error or

4

manifest injustice appears. After a careful review, we find no plain error or manifest injustice. We will, accordingly, adopt the R&R with respect to Count I and grant judgment on this count to the defendant.

## II. Federal Tort Claims Act

The second count of plaintiff's complaint asserts a cause of action against the federal government under the Federal Tort Claims Act (hereinafter "FTCA"). The R&R suggests that the motion for summary judgment should be granted with respect to this count. After a careful review, we agree.

The law provides that: "Absent waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674. In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Defendants liable in tort as a private individual would be under like circumstances.'" Sosa v. Alvarez–Machain, 542 U.S. 692, 700 (2004) (citing Richards v. United States, 369 U.S. 1, 6 (1962)); see also CNA[ v. United States], 535 F.3d [132] at 138 (reasoning that 28 U.S.C. § 1346(b)(1), the FTCA provision conferring jurisdiction on district courts, treats actions against

5

government employees like the "analogous behavior" of "private persons" under state law).

Thus, by virtue of the FTCA, Congress has consented to liability for money damages lawsuits against the United States for injury or loss of property "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). More specifically, for this case, the FTCA allows recovery of damages for personal injuries sustained during confinement in a federal prison by reason of the negligence of a government employee. 28 U.S.C. § 2674; United States v. Muniz, 374 U.S. 150 (1963).

The R&R breaks the plaintiff's FTCA claim into two separate issues. The first is whether the government is liable for negligently housing the plaintiff with Charlton as his cellmate. The second issue is whether the United States committed a tort against the plaintiff when corrections officers suggested that Charlton attack plaintiff. We will discuss these two issues separately.

**A. Negligent Housing**

The first claim addressed by the R&R is whether the prison acted negligently in making Charlton plaintiff's cellmate.

As noted above the FTCA allows for potential liability against the United States for torts committed by its employees. Thus, in this case, it allows federal

prisoners to sue the United States for injuries they sustained while incarcerated. Several statutory exemptions to FTCA liability exist. See 28 U.S.C. § 2680. Important for our analysis of this case is the "discretionary function". Specifically, this exemption applies to "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

A two-part test exists to determine if the discretionary function exemption immunizes the government in a particular case. The first step is to determine whether the challenged conduct involves an element of judgment or choice or whether, on the other hand, it is controlled by mandatory statutes or regulations. Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000). If the challenged conduct does involve an element of judgment or choice, the second step requires us to consider "whether that judgment is of the kind that the discretionary function exception was designed to shield." Id. (citations omitted). Protected from the exception are "legislative and administrative decisions grounded in social, economic, and political policy." United States v. Varig Airlines, 467 U.S. 797, 814

(1984). Thus, the exemption applies if it involves an element of judgment or choice and that judgment or choice involves consideration of social, economic, and political policy. Sigman v. United States, 217 F.3d 785, 793 (9th Cir. 2002).

The government conduct at issue here is housing the plaintiff with a cellmate who plaintiff allegedly reported was incompatible with him. Generally, this conduct of which plaintiff complains falls under a federal statute requiring the United States Bureaus of Prisons to provide for the "protection" and "safekeeping" of inmates. See 18 U.S.C. § 4042(a)(2), (3). These duties meet step one of the analysis because their implementation is left to the discretion of the Federal Bureau of Prisons (hereinafter "BOP"). See Donaldson v. United States, 281 F. App'x 75, 77 (3d Cir. 2008). The BOP is required to control inmate behavior and take disciplinary action when needed. It is, however, left to the BOP's discretion as to how to accomplish these goals. Id. (citing 28 C.F.R. § 541.10(a); 28 C.F.R. § 541.22(a)). Additionally, more specific to this case, no mandatory regulations or rules control exactly the manner in which prisoners are assigned cellmates.

Next, we must determine whether the challenged discretionary conduct involves the kind of judgment that the discretionary function exception is aimed at shielding from liability. Mitchell, 225 F.3d at 363. We find that it is. "When established governmental policy, as expressed or implied by statute, regulation,

or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." United States v. Gaubert, 499 U.S. 315, 325 (1991). As noted above, government regulations allow the government agents, here Bureau of Prisons officials, to exercise discretion in protecting inmates from harm, including assignment of cellmates. Thus, their actions are grounded in policy and the second step is met. In fact, the Third Circuit Court of Appeals has explained that the judgment involved in deciding "how best to protect one inmate from the threat of attack by another- is of the kind that the discretionary function exception was designed to shield." Donaldson v. United States, 281 F. App'x 75, 77(3d Cir. 2008). As both elements have been met, the discretionary function exception applies and the United States is shielded from FTCA liability.

Our conclusion is in line with other cases which have addressed this issue. As noted by the R&R, courts have applied the discretionary function exemption to claims alleging that one inmate attacks another. In fact, the Ninth Circuit Court of Appeals has held in a very similar case that the exemption applied and the government could not be held liable. See Alfrey v. United States, 276 F.3d 557, 565 (9th Cir. 2002) (involving the death of an inmate who had previously complained that his cellmate made death threats against him); see also Donaldson v. United States, 281 F. App'x 75 (holding that the discretionary

9

function exception barred inmate's FTCA claim where the inmate claimed that the prison failed to protect him from assault by a fellow prisoner); Castillo v. United States, 166 F App'x. 587, 589 (3d Cir. 2006) (holding that the discretionary function exception barred inmate's FTCA claim where the inmate claimed that the prison acted negligently in compelling him to meet recently transferred inmates who belonged to a rival gang). Accordingly, we find that it was appropriate for the R&R to suggest that the discretionary exemption shields the defendant from the liability created by the FTCA.

### B. Allegations that prison officials instigated/suggested the attack

The second aspect of plaintiff's FTCA claim as set forth by the R&R asserts that the United States is liable for harm caused by the attack because prison employees actually suggested that the attack take place. Evidently, plaintiff alleges that the prison employees informed him that the only way he would be separated from his cellmate would be if he (plaintiff) physically assaulted him. He also claims that the prison employees told the same information to Charlton. It appears that the discretionary function exemption applies to this allegation as it does above because the issue involves the plaintiff's protection and safekeeping.

Moreover, the R&R concludes that no evidence in the record supports this claim and that the plaintiff has not even expressed exactly what tort is alleged

with regard to these allegations.[1]  Accordingly, the R&R recommends granting summary judgment to the defendant on this claim.  Plaintiff objects to this recommendation, but only on the basis that the discretionary function exemption should not apply.   He does not specifically address the R&R's finding that this claim is factually unsound.  Accordingly, we will apply the standard for no objections filed to this portion of the complaint.  We find no clear error or manifest injustice in the R&R's analysis of the factual basis of this claim.  Therefore, it will be adopted.

### III.  Injunctive Relief

As noted above, the third count of plaintiff's complaint asserts a claim for injunctive relief.  The R&R suggests granting judgment to the defendant on this count.  The plaintiff does not object to this recommendation. (Doc. 46, Pl.'s Objections at 4, n.1).  Thus, we must determine whether the magistrate judge committed plain error or manifest injustice appears.  After a careful review, we find no plain error or manifest injustice.  We will, accordingly, adopt the R&R with respect to Count III and grant judgment on this count to the defendant.

---

[1] The R&R finds that the defendant filed a statement of facts to which the plaintiff did not adequately respond.  As the plaintiff provided insufficient responses to the defendant's statement of facts, the magistrate judge accepted the statement of facts as true.  Plaintiff does not object to this conclusion and finding no clear error or manifest injustice, we will adopt it.

11

**Conclusion**

For the reasons set forth above, we find no merit to the plaintiff's objections, and we will adopt Magistrate Judge Arbuckle's R&R. The federal government may only be sued when it waives its sovereign immunity. The Federal Tort Claims Act waives immunity in some instances. Immunity is not waived, however, where the actions of the government fall under the discretionary exemption. Here, the prison's actions fall under the discretionary exemption, and suit is barred, even if the prison officials abused their discretion. See 28 U.S.C. § 2680. We will thus adopt the R&R and grant the defendant's motion for summary judgment. An appropriate order follows.

**BY THE COURT:**

**Date: Jan. 30, 2020**　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　　　　　　　　　**United States District Court**